UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES FORSLUND, | Civil No. 09-2134 (JRT/JJK) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| STRYKER CORPORATION, *a Michigan corporation*, and STRYKER SALES CORPORATION, *a Michigan corporation*, | |
| Defendants. | |

Paul M. Simmons, Colin P. King, and Jessica A. Andrew, **DEWSNUP KING & OLSEN**, 36 South State Street, Suite 2400, Salt Lake City, UT 84111-0024; Yvonne M. Flaherty, **LOCKRIDGE GRINDAL NAUEN PLLP**, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401-2179, for plaintiff.

Timothy P. Griffin, Jeffrey A. Ehrich, and Brian Thomson, **LEONARD STREET AND DEINARD, P.A.**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402; Mario Horowitz, **SEDGWICK LLP**, 801 South Figueroa Street, Nineteenth Floor, Los Angeles, CA 90017, for defendants.

This motion is the second seeking to dismiss certain claims based on the pleadings by defendants Stryker Corporation and Stryker Sales Corporation (collectively "Stryker"), and the second motion for leave to amend by plaintiff James Forslund. Because the Court finds that the liberal standard allowing a plaintiff to craft his complaint dictates that Forslund should be permitted to withdraw claims as he sees fit, particularly at such an early stage of the litigation, the Court grants the motion for leave to amend the complaint. As a result, the motion to dismiss is moot.

## BACKGROUND

Forslund filed a complaint against Stryker alleging various claims arising out of the insertion of a pain pump manufactured by Stryker into Forslund's shoulder after surgery. The Court issued an order dismissing all the claims in the complaint for failure to state a claim. Two of the claims were dismissed with prejudice (negligent misrepresentation and implied warranty of merchantability) and the remaining claims were dismissed without prejudice (strict liability, negligence, breach of express warranty, and breach of implied warranty of fitness for a particular purpose). (Docket No. 63.) The Court granted Forslund leave to amend and directed him to revise the complaint after the Court's written order was issued so as to benefit from its guidance. After issuance of the order on September 30, 2010, Forslund filed an amended complaint on October 29, 2010 re-alleging the four claims that had been dismissed without prejudice and adding a new claim of fraud. (Docket No. 65.) On November 12, 2010, Stryker moved to dismiss three of the claims in the amended complaint, the fraud claim and the two breach of warranty claims. (Docket No. 67.) On February 17, 2011, Forslund moved for leave to amend the pleadings so as to withdraw the contested claims. (Docket No. 77.) The pretrial scheduling order, issued on August 20, 2010, before the order disposing of the first motion to dismiss, set a deadline of November 1, 2010 for motions to amend the pleadings or add parties filed and served. (Docket No. 58.) Stryker objects to the motion to amend and argues the claims should be dismissed with prejudice.

# ANALYSIS

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave when justice so requires." If a responsive pleading has already been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "A district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Secs., Inc. v. Comprehensive Software Sys., Inc.,* 406 F.3d 1052, 1065 (8th Cir. 2005) (quotation marks omitted). "In most cases, delay alone is insufficient justification; prejudice to the nonmovant must also be shown." *Id.* (quotation marks omitted). A party must seek amendment of the pleadings being attacked as deficient prior to a court ordering dismissal of those claims. *In re NationsMart Corp. v. Sec. Litig.*, 130 F.3d 309, 322 (8th Cir. 1997).

## II. THE SCHEDULING ORDER

Stryker argues that Forslund should not be granted leave to amend the pleadings since to do so would violate the pretrial scheduling order, and because a scheduling order should only be modified for good cause. Fed. R. Civ. P. 16(b)(4).

The purpose behind the mandatory scheduling order and time limits on motions is "to stimulate the litigants to narrow the areas of inquiry and advocacy to those they

believe are truly relevant and material." *Id.* advisory committee notes, 1983 Amendment. All of the case law cited by Stryker in opposition involve cases where a party wanted to **add** claims or parties beyond the date specified in the scheduling order, often significantly beyond, not cases where a party wished to narrow the claims, as here. *See In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 433 (8th Cir. 1999) (affirming a lower court's denial of leave to amend to add three new plaintiffs fourteen months after the deadline); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 606–07, 611 (9th Cir. 1992) (affirming a lower court's denial of leave to amend to add a necessary party six months after the deadline when the movant demonstrated an extreme lack of diligence); *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 582–84 (D. Minn. 1999) (denying defendant's motion to add ten affirmative defenses ten months after the deadline); *Luigino's, Inc. v. Pezrow Cos.*, 178 F.R.D. 523, 524 (D. Minn. 1998) (denying leave to amend to add a punitive damages claim a year after the deadline). As a result, the Court finds these cases distinguishable.

Here, Forslund moved to amend his complaint only three months after the deadline, and did so after being directed by the Court to delay filing his first motion to amend for what amounted to nine months. Forslund has moved to amend prior to dismissal of the claims, and his motion serves to narrow the scope of inquiry. The Court finds this situation warrants a different outcome from the cases cited by Stryker.

## III.     PREJUDICE, DILLIGENCE, AND GOOD CAUSE

Stryker argues that dismissal would cause it prejudice, and that Forslund has not been diligent nor shown good cause.  The issue of prejudice, in a situation where Forslund moves to drop claims, is unavailing.  Prejudice is more properly argued if Forslund moves to reinstate claims at a later date, which is not the case here.  Since the claims in this motion all arise from the same set of facts as the claims that remain, and Stryker is litigating similar lawsuits in this and other courts, prejudice may be difficult to establish if Forslund moves to reinstate those claims.  Regardless, the argument is not relevant to the motion before the Court to **withdraw** claims.

Regarding diligence, Stryker can point to no acts constituting negligence or carelessness on the part of Forslund other than the request to amend past the date set by the scheduling order.  Courts considering diligence evaluate conduct beyond simply a request to amend after a deadline.  *See, e.g.*, *Mammoth Recreations*, 975 F.2d at 607 (despite receiving a letter stating that plaintiff had sued the wrong party, he still waited ten months to determine who the proper defendant was); *Archer Daniels*, 187 F.R.D. at 580 (movant "[c]andidly admit[ed] that it . . . only recently g[ave] discovery its close attention" after the deadline to amend).  Here, Forslund filed its amended complaint in accordance with the deadline established by the Court and, after the deadline to amend passed, Stryker moved to dismiss the amended complaint on nearly identical grounds as its first motion to dismiss.  Forslund sought a stipulation from Stryker for the withdrawal of the claims prior to moving to amend and the parties could not come to an agreement.

(Mem. in Supp. at 3, Docket No. 79.)  The Court finds these actions sufficient to grant the motion to amend past the date set by the pretrial order.

Finally, as to good cause, Forslund declares a wish to move beyond the pleadings stage of the litigation to promote the "just, speedy, and inexpensive determination of this action . . . ." (*Id*.)  The Court finds this constitutes good cause under these circumstances for the purpose of withdrawing claims after the scheduling order deadline.

Since the Court grants the motion to amend to withdraw the contested claims, Stryker's motion to dismiss is rendered moot.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Forslund's Motion for Leave to Amend the Complaint [Docket No. 77] is **GRANTED.**  Forslund shall have ten (10) days from the date of this Order to file the amended complaint.

2. Stryker's Motion for Judgment on the Pleadings to Dismiss Fraud and Breach Warranty Claims [Docket No. 67] is **DENIED as moot**.

DATED:  May 12, 2011  
at Minneapolis, Minnesota.

                                         s/ John R. Tunheim  
                                             JOHN R. TUNHEIM  
                                            United States District Judge